UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Thomas T.,

    Plaintiff,

    v.

ANDREW SAUL,
Commissioner of the
Social Security Administration,

    Defendant.

Case No. 2:18-cv-00304-JVB-JEM

**OPINION AND ORDER**

Plaintiff Thomas T. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits under Titles II and XVI. In his application, Plaintiff alleged that he became disabled on December 10, 2007. (R. at 12.) Plaintiff later amended the alleged onset date of disability to May 19, 2011. (R. at 12.) After a video hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of degenerative disc disease, major depressive disorder, and obesity. (R. at 14.) The ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 23.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 23–24.) Therefore, the ALJ found him to be not disabled from December 10, 2007, through the date

of the decision. (R at 24.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ failed to account for Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace; the ALJ failed to include any limitations regarding reaching overhead or bilaterally in the RFC; the ALJ failed to properly weigh the opinion of Plaintiff's treating psychiatrist; and the ALJ erred in finding that Plaintiff failed to meet Listing 12.04.

**(1) Concentrating, Persisting, and Maintaining Pace**

Plaintiff first asserts that the ALJ failed to accommodate his moderate limitations in concentrating, persisting, and maintaining pace in the RFC. At step two, the ALJ found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. (R. at 17.) The ALJ noted that Plaintiff testified to racing thoughts and a poor ability to concentrate. (*Id.*) Moreover, Plaintiff's therapist opined that he had a marked limitation in concentrating, persisting, or maintaining pace. (*Id.*) However, the ALJ gave this therapist's opinion little weight. (R. at 21.) The ALJ also noted that other treatment records indicated his ability to concentrate was intact. (R. at 17.) The ALJ then limited Plaintiff to "performing simple, routine tasks and making simple work-related decisions." The ALJ then found that "[t]he claimant can frequently respond appropriately to supervisors, coworkers and the public." (R. at 18.)

Where an ALJ does not adequately capture the Plaintiff's restrictions on concentration, persistence, and pace, the ALJ's decision will be remanded. *Yurt v. Colvin*, 758 F.3d 850, 858–

59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). The Seventh Circuit has "repeatedly rejected the notion that a hypothetical … confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." (*Id.*) Limiting a claimant to simple, routine, and repetitive tasks limits the claimant to "unskilled work," which is "unrelated to the question of whether an individual with mental impairments – e.g., with difficulties maintaining concentration, persistence, or pace – can perform such work." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2004).

It is true that in some cases, limiting Plaintiff to simple and routine tasks with limited social interaction may not adequately accommodate moderate limitations in concentrating, persisting, or maintaining pace. However, Plaintiff has failed to identify what limitations and impairments should have been included in the RFC. Plaintiff bears the burden of establishing that his impairments warrant limitations in the RFC. *Jeralds v. Richardson*, 445 F.2d 36, 38–39 (7th Cir. 1971). Here, the ALJ discussed Plaintiff's limitations and pointed to medical evidence that established his concentration was often intact. Plaintiff has not pointed to any medical evidence or opinions that show the need for a more restrictive RFC. It is unclear why Plaintiff believes the RFC is inadequate. Plaintiff does not discuss any medical evidence or testimony that contradicts the ALJ's findings. It is unclear what more the Plaintiff thinks should have been included in the RFC to properly accommodate his moderate limitations in concentrating, persisting, and maintaining pace. Moreover, the Seventh Circuit has recently held that limiting a claimant to simple and routine tasks may be adequate in certain scenarios if the ALJ properly considered all limitations. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). The ALJ

properly supported his RFC with substantial evidence and did not err in limiting Plaintiff to simple, routine tasks with limited social interaction.

**(2) RFC**

Plaintiff asserts that the ALJ erred in failing to include reaching limitations in the RFC. Plaintiff relies on medical records that show tenderness in his spine and swelling in his shoulders. However, there is no evidence in the record, nor does Plaintiff argue there is any evidence in the record, that shows the swelling in his shoulders required functional limitations. The ALJ assigned partial weight to the opinions of the State Agency medical consultants who limited Plaintiff to occasional overhead reaching bilaterally. (R. at 22.) The ALJ noted that the record showed no evidence of weakness of the upper extremities or decreased range of motion of the hands. (*Id.*)

Plaintiff also points to findings from the April 2014 consultative examination. The Plaintiff notes that he had limited range of motion in his shoulders at that examination. (R. at 655.) However, the ALJ discussed this examination and noted that Plaintiff had full range of motion in all four extremities at the same examination. (R. at 19.) Moreover, the ALJ then pointed to more recent treatment notes in the record, which show nothing more than tenderness or swelling in the shoulders. However, they show no evidence of decreased range of motion and do not discuss any difficulty with reaching. (R. at 22, *citing* R. at 1195–1200). The ALJ properly supported his opinion with evidence in the record. Plaintiff fails to identify how swelling translates to any functional limitations beyond those set forth in the RFC assessment. Because Plaintiff has not identified any functional limitation connected to his shoulder swelling that the

ALJ failed to incorporate into the RFC, he has not shown that the ALJ committed reversible error in failing to include reaching limitations in the RFC assessment.

**(3) Medical Opinions**

Plaintiff argues that the ALJ erred in weighing the opinion of his treating psychiatrist, Dr. Dobransky. A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating physician's opinion is not well-supported by diagnostic techniques and is inconsistent with the substantial evidence, it is no longer entitled to controlling weight. In such instances, an ALJ must weigh the opinion using such factors such as: the examining relationship; the length of the treatment relationship and the frequency of examinations; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)–(6).

The ALJ found that Dr. Dobransky's opinions were inconsistent with the medical record as a whole. The ALJ also noted that he had only been treating Plaintiff since November 2015, meaning he had only treated Plaintiff for five months prior to his opinion. Dr. Dobransky provided his opinion in April 2016. (R. at 1168.) Dr. Dobransky stated that he treated Plaintiff from November 2015 through April 2016, during which time he diagnosed him with major depression, rule out bipolar, rule out personality disorder, and cannabis dependence, and he assigned him a GAF score of 55. (R. at 1163.) Dr. Dobransky noted that he relied on the EMR[1],

---

[1] EMR is the "digital version of the paper charts in the clinician's office" that can be created, gathered, managed, and consulted by authorized clinicians and staff within one health care organization. *See* www.helathit.ahrq.gov/key-topics/electronic-medical-record-systems (last visited October 15, 2019).

the pharmacy record, and meetings with the patient in forming his opinion. (*Id.*) Dr. Dobransky then opined that Plaintiff would miss work more then three times a month due to his impairments or treatment. (R. at 1168.) He also opined that Plaintiff would have marked or extreme limitations in 16 out of 25 "mental abilities and aptitudes to do unskilled work." (R. at 1169–1171.) Dr. Dobransky also opined that Plaintiff would have two to four good days and two to four bad days in an average work week. (R. at 1171.)

The ALJ gave this opinion little weight, finding it inconsistent with the record as a whole. (R. at 21.) The ALJ noted that although Dr. Dobransky opined that the limitations had been in place since January 2011, he had only been treating Plaintiff since November 2015. (*Id.*) Moreover, the ALJ found that Plaintiff often demonstrated an appropriate affect, adequate attention and concentration, and adequate memory. (*Id.*) Finally, the ALJ observed that there was no basis in the record to find that Plaintiff would be "off task or absent excessively." (*Id.*)

Plaintiff asserts that the ALJ failed to consider that Dr. Dobransky had access to the records of his therapist, Mr. Ladowicz, and that Dr. Dobransky's opinions are well supported by both his own treatment notes and the treatment notes of Mr. Ladowicz. However, the ALJ afforded Mr. Ladowicz's opinion little weight, finding that the extreme limitations were not supported by the medical evidence, and that there was "no good basis in the medical evidence of record or testimony to find that the claimant would be off task or absent excessively. (R. at 21.) Plaintiff does not assert that the ALJ erred in weighing Mr. Ladowicz's opinion. The ALJ properly supports his opinion that Dr. Dobransky's opinion was inconsistent with the medical record by noting multiple treatment notes showing that Plaintiff demonstrated adequate attention and concentration on examination, along with appropriate affect and adequate memory. (*Id.*)

7

Plaintiff also argues that the ALJ cherry-picked records to locate evidence that supported a finding of not disabled, specifically with regards to his mental impairments. Plaintiff alleges that multiple treatment notes support Dr. Dobransky's opinion regarding Plaintiff's depression. Plaintiff focuses on the fact that a person who suffers from mental illness may have both good and bad days. "[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Plaintiff alleges that the ALJ found "very few" treatment notes to support Plaintiff's good days, while ignoring the multitude of treatment notes showing Plaintiff's bad days.

The ALJ pointed to multiple treatment notes from 2012 through 2016 that showed "appropriate affect, adequate attention and concentration and adequate memory." (R. at 21, *citing* 510–25, 668–74, 695, 701, 703, 705, 708, 711, 714, 717, 720, 723, 726, 729, 732, 735, 738, 907, 910, 913, 916, 919, 921, 1283–1365.) Plaintiff specifically cites to treatment notes from Dr. Dobransky and Mr. Ladowicz that found limited judgment and insight, subdued mood and affect, mood swings, irritated mood, and deteriorating functioning. However, the ALJ found that these findings were inconsistent with other substantial evidence in the record. The ALJ properly supported the decision with substantial evidence. While Plaintiff does not agree with the ALJ's interpretation of the evidence, the ALJ supported his findings with substantial evidence. The ALJ determined that Dr. Dobransky's opinion and treatment notes were inconsistent with the other evidence in the record from physicians who had treated Plaintiff for longer periods of time.

**(4) Listing 12.04**

Finally, Plaintiff alleges that the ALJ erred in failing to find that Plaintiff met Listing 12.04. To satisfy a step-three listing, the Plaintiff must either meet or equal each criterion. *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530. An ALJ must consider evidence that would establish the criteria, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), but he need not mention evidence that fails to establish them. *Sims v. Barnhart*, 309 F.3d 424, 430 (7th Cir. 2002). Plaintiff bears the burden of proof to show that his impairment meets or medically equals the listed criteria. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

The ALJ found that Plaintiff did not meet Listing 12.04 for depressive, bipolar, and related disorders because Plaintiff's mental impairments did not result in more than moderate limitations in the paragraph B criteria. (R. at 17.) Listing 12.04 can be satisfied by meeting either both the paragraph A and paragraph B criteria, or, alternatively, the paragraph A and paragraph C criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.04. Pertinently, paragraph B requires an extreme limitation of one, or marked limitation of two, of the four areas of mental functioning. *Id.* Here, the ALJ found that Plaintiff had no more than moderate limitations in any area of mental functioning, and therefore he did not meet Listing 12.04.

Plaintiff argues that Dr. Dobransky's opinion showed marked and extreme limitations in multiple areas, which contradicts the ALJ's findings of moderate limitations. However, as discussed above, the ALJ properly dismissed Dr. Dobransky's opinion due to the short length of treatment and the inconsistency of the opinion with the rest of the medical record. Plaintiff is asking the Court to reweigh medical evidence to come to a different conclusion regarding the paragraph B criteria. The Court cannot do so. The ALJ properly supported the decision with substantial evidence.

**(E) Conclusion**

The Court finds that the ALJ properly addressed all of Plaintiff's concerns and built an accurate and logical bridge from the evidence to his conclusions, thus allowing this Court to meaningfully review his decision. This Court affirms the decision of the ALJ.

SO ORDERED on October 22, 2019.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE